Case 2:14-cv-00331 Document 93 Filed in TXSD on 01/03/17 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TEXAS LONE STAR PETROLEUM CORPORATION, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-331 |
| | § | |
| CHESAPEAKE OPERATING INC; nka CHESSAPEAKE OPERATING LLC, *et al*, | § § § | |
| Defendants. | § § | |

## FIRST SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

On November 14, 2016, this Court entered Findings of Fact and Conclusions of Law in this case. D.E. 84. As a result of the rulings contained therein, the Court ORDERED Plaintiffs to file their motion for attorney's fees, which they have done. D.E. 85 (Responding to D.E. 84, No. 106). No response has been filed as to that motion. In addition, the Court ORDERED Defendant to file a supplemental accounting setting out certain amounts of royalties paid for purposes of calculating damages, which it has done. D.E. 86 (Responding to D.E. 84, No. 80); D.E. 91 (See Order, D.E. 90). The parties have set out objections, a response, and a reply in that regard. D.E. 87, 88, and 89. After due consideration, the Court enters the following supplemental findings of fact and conclusions of law.

107. Texas Lone Star is entitled to recover of and from Defendant the sum of $13,845.00 for reasonable attorney's fees incurred in prosecuting its claim for specific performance with respect to Defendant's production of well and geological data.

108. Chesapeake Operating, on behalf of Chesapeake Exploration, paid to Texas Lone Star the sum of $262,324.70 in overpayments pursuant to division orders on the Unit C LAS 2H well from September 3, 2012 to May 29, 2015.

109. Chesapeake Operating, on behalf of Chesapeake Exploration, paid to J.D. Cobbs the sum of $37,764.14 in overpayments pursuant to division orders on the Unit D LAS 5H well from December 13, 2013 to December 22, 2015.

110. J.D. Cobbs is not entitled to recover for alleged underpayments that occurred prior to December 13, 2013, or after December 22, 2015, based upon mistakes in setting out percentage of royalty interest ownership or mistakes of arithmetic. J.D. Cobbs' pleading with respect to improper royalty payments was limited to his claim that deduction of post-production expenses was not proper according to the lease terms. D.E. 62, pp. 4-8 (Joint Pretrial Order addressing the contentions of the parties).

111. The joint pretrial order governs the submission of the case absent a showing of manifest injustice. Fed. R. Civ. P. 16(d), (e).

112. Plaintiffs have not shown manifest injustice in limiting their claims to those pled throughout the pendency of this case.

ORDERED this 3rd day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE