Case 2:14-cv-00331 Document 99 Filed in TXSD on 02/21/17 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TEXAS LONE STAR PETROLEUM CORPORATION, *et al*, § § § § Plaintiffs, § VS. § CHESAPEAKE OPERATING INC; nka § CHESSAPEAKE OPERATING LLC, *et al*, § § Defendants. § | CIVIL ACTION NO. 2:14-CV-331 |

## ORDER ON MOTION TO ALTER OR AMEND FINAL JUDGMENT

Before the Court is Plaintiffs, Texas Lone Star Petroleum Corporation (TLSPC) and Jeffrey Cobbs' (Cobbs'), Motion to Alter or Amend Final Judgment (D.E. 95). In that motion, they seek four corrections to the Court's final judgment, issued January 3, 2017. Defendants Chesapeake Exploration, LLC and Chesapeake Operating, LLC filed a response, opposing each of the four requested corrections. D.E. 96. The parties then exchanged additional briefing. D.E. 97, 98. After due consideration and for the reasons set out herein, the motion is GRANTED IN PART and DENIED IN PART.

### DISCUSSION

**1. Offset of Underpayments Extinguishing Defendants' Damages**

Plaintiffs argue that the parties' Joint Pretrial Order includes as an admission of fact, "That as of February 14, 2016, Chesapeake has applied approximately $101,399.42 in production runs due on Cobbs' overrides to the amount that Chesapeake claims it has overpaid Jeff Cobbs." D.E. 62, p.15, ¶ 19. As Defendants point out, the Court previously denied any

claim to an offset of underpayments against the recovery of overpayments because Plaintiffs had not expressly pled the claim or requested that relief.

Upon reconsideration, the Court finds that the admission, stated in the past tense, is articulated in such a way as to make a pleading for that recovery superfluous. *See Nat G. Harrison Overseas Corp. v. Am. Tug Titan*, 516 F.2d 89, 96 (5th Cir.), *modified on other grounds*, 520 F.2d 1104 (5th Cir. 1975) (en banc); *Gibbs v. Randolph*, 250 F.2d 41, 43 (5th Cir. 1957) (stipulations and admissions render pleading amendments unnecessary as no evidence need be offered to prove the matter). Cobbs' right of offset, as implied in the admission of fact, was stipulated and exceeds the amount of the relevant overpayment claim. The Court GRANTS IN PART the motion (D.E. 95) and will amend the judgment to eliminate Defendants' recovery of $37,864.14 from Cobbs.

**2. Judgment Supported by Pleadings**

Plaintiffs contend that they are entitled to a take-nothing judgment because Defendants sought recovery of overpayments made to Plaintiffs only to the extent that those overpayments represented overriding royalties owed to third parties, Northwest Energy and Jerry House. Plaintiffs claim that there is no such money owed to Northwest Energy or Jerry House because Defendants voluntarily paid them prior to trial for their previously underpaid interests. Such voluntary payments, Plaintiffs assert, cannot support a claim for damages against an overpaid overriding royalty interest owner.

Plaintiffs are correct with respect to the common law governing improperly paid overriding royalty interests and the Court previously so held. D.E. 84 (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 692 (Tex. 1986); *Frymire Eng'g Co. ex rel. Liberty Mut.*

*Ins. Co. v. Jomar Int'l, Ltd.*, 259 S.W.3d 140, 142 (Tex. 2008)).  However, the judgment here is based upon the enforcement of the division orders as contracts.  D.E. 84, pp. 15-20.  Consequently, the damages question is only a matter of quantifying how much Plaintiffs were overpaid during the time the parties treated the division orders as being in effect.  The reason they were overpaid is immaterial—unless Defendants' pleadings and the joint pretrial order limited their recovery.

Plaintiffs contend that Defendants did, in fact, limit their request to only the amounts that should have been paid to Northwest Energy and Jerry House.  The record in this regard lacks clarity.  In their Second Amended Counterclaim (D.E. 53), Defendants described overpayments made due to mistakes made by their analysts in calculating Plaintiffs' interest, as well as failing to properly account for interests assigned to Northwest Energy and Jerry House.  In conclusion, they prayed for "damages equal to the amount Chesapeake Exploration and Chesapeake Operating have overpaid Plaintiffs . . . ."  D.E. 53, p. 6.  In their proposed conclusions of law, Defendants requested recovery of all overpayments without differentiation.  D.E. 60, ¶¶ 14, 16, 17.  Plaintiffs did not object to those proposals.

In the Joint Pretrial Order, the contentions of the parties include the following language:

> Defendants' counterclaim is for overpayments of overriding royalty made to Plaintiffs.  The Defendants contend that the overpayments result from the fact that Plaintiffs made assignments of portions of their overriding royalty interest but did not notify Defendants of these assignments, which resulted in Defendants paying Plaintiffs amounts that should have been paid to third parties.  Defendants have paid these third parties and seek to be reimbursed for the amounts paid to Plaintiffs that should have been paid to Plaintiffs' assignees.

D.E. 62, p. 6. Plaintiffs' response to that contention includes the global representation that "any overpayment based on the division order . . . is unenforceable as a contract as no consideration exists to support it." D.E. 62, p. 7. Contested issues of fact included whether the division orders provided for refund of "any overpayments." D.E. 62, p. 19, ¶¶ 9, 10. Yet a contested issue of law was whether Plaintiffs were required under the division orders to repay funds that should have been paid to other overriding royalty interest owners. *Id*. at 26.

The evidence at trial included details regarding overpayments based on both Defendants' clerical errors and the failure to acknowledge the interests of Northwest Energy and Jerry House. At no time did Plaintiffs object to the proof that some of the overpayments made pursuant to division orders included those based on clerical errors, which were in turn included in Defendants' damages calculation. In amended proposed findings of fact and conclusions of law, Defendants claimed that TLSPC and Cobbs were overpaid because they were paid on interests owned by third parties and because of mistakes. D.E. 81, p. 11, ¶¶ 30, 31, 32, 33, 35. Defendants clearly sought reimbursement of all "amounts mistakenly paid to Plaintiffs in reliance on the division orders." D.E. 81, p. 17.

Plaintiffs filed no objections to Defendants' amended proposed findings of fact and conclusions of law. Consequently, the Court issued its findings of fact and conclusions of law on the basis of all amounts mistakenly paid pursuant to the division orders. D.E. 84. Plaintiffs' complaint that Defendants' damages should be limited by their pleadings or the joint pretrial order are submitted to the Court now, for the first time.

The Court holds that Defendants pled for recovery of all payments paid pursuant to the division orders that exceeded the amount properly due for Plaintiffs' overriding royalty

interests, without limit related to amounts owed to third parties. Alternatively, the issue of the recovery of damages paid as a result of clerical mistakes in addition to erroneous payment of overriding royalties owed to third parties was tried by consent. Fed. R. Civ. P. 15(b)(2).

All of the amounts awarded to Defendants constitute contract damages payable under the division order breach of contract theory. The Court DENIES IN PART the motion (D.E. 95) with respect to the challenge to Defendants' recovery of damages as unsupported by the pleadings.

### 3. Rights Not Governed by March 8, 2012 Assignment

Plaintiffs assert that they are entitled to an offset against Defendants' recovery of overpayments based upon the terms of a March 8, 2012 assignment. This argument is based on their affirmative defense, which reads:

> 29. Counter-Defendants assert the defense of failure of consideration as the Counter-Plaintiffs have breached the March 8, 2012, assignment by deducting post-production expenses against the interest of the Counter-Defendants.

D.E. 55, p. 7. Defendants argue that this matter was determined against Plaintiffs in the Court's ruling on the motions for summary judgment. D.E. 56, 57; Minute Entry April 15, 2016. Defendants are correct.

At the summary judgment hearing, the Court held that the 2010 Partial Assignment Agreement (PAA), insofar as it referred to "subject leases," referred to the original leases listed on the exhibit to the PAA. The "subject lease" term did not refer to renewal leases, also known as the 2011 leases. Consequently, the Court held that the original, subject leases, referring to payment at the mouth of the well, permitted the deduction of post-production expenses. The

Court granted Defendants summary judgment that they were entitled to deduct post-production expenses from the overriding royalty payments to Plaintiffs.

Plaintiffs raised the March 8, 2012 assignment as a separate instrument negating Defendants' right to deduct post-production expenses in their summary judgment response (D.E. 58, p. 2). The 2012 assignment was discussed at some length at the summary judgment hearing. At that time, the Court observed that the March 8, 2012 assignment expressly states that it is subject to the PAA.

Texas law governs this contract construction issue.

> Under generally accepted principles of contract interpretation, all writings that pertain to the same transaction will be considered together, even if they were executed at different times and do not expressly refer to one another. We have cautioned, however, that this rule is simply a device for ascertaining and giving effect to the intention of the parties and cannot be applied arbitrarily.

*DeWitt Cty. Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 102 (Tex. 1999) (footnotes omitted). In *DeWitt*, the Supreme Court of Texas construed the documents according to their terms, incorporating other documents and giving effect to terms that specify which provisions govern in the event of conflict. Here, by making the PAA the dominant agreement, the parties intended the terms of the PAA to govern over the conflicting terms of the later-executed assignment. The Court DENIES IN PART Plaintiff's motion to alter the judgment with respect to Defendants' deduction of post-production expenses.

**4. Declaration of Cobbs' Ownership Interest**

Plaintiffs request that the Court grant declaratory relief with respect to its findings regarding the overriding royalty interest owned by Cobbs in each of the Broken Arrow Ranch

Units. Defendants oppose the request, claiming that Plaintiffs did not plead for this type of relief.

The ownership interest was stipulated in the joint pretrial order: "As of September 1, 2013, Jeff Cobbs held a .2376257 of eight eighths overriding royalty interest in Broken Arrow Ranch Unit No. 2 and a .1366148 of eight eighths overriding royalty interest in Broken Arrow Ranch Unit No. 5. D.E. 62, p. 17, ¶ 33. While the Court made findings of fact and conclusions of law regarding the percentage interest Cobbs owned, those findings were not expressed in the form of a decimal. D.E. 84, ¶¶ 35, 37.

The Court holds that declaration of the decimal ownership interest, as stipulated, is appropriate pursuant to Defendant's request for such declaratory relief, which was previously granted, but in a different format. D.E. 84, ¶ 39. Accordingly, the Court GRANTS IN PART the motion and will amend the judgment to declare Cobbs' ownership interest in decimal form.

## CONCLUSION

For the reasons set out above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to alter or amend the judgment (D.E. 95). An amended judgment will be issued separately.

ORDERED this 21st day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE